**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  11-cv-01906-WYD-KMT

NORRIE ROTHENBERG,

      Plaintiff,

v.

STANDARD INSURANCE COMPANY,

      Defendant.

## STIPULATED PROTECTIVE ORDER

      Each party and each counsel of record stipulate and move the Court for a Protective Order pursuant to Fed.R.Civ.P. 26(c)(1) concerning the treatment of Confidential Information (as herein defined), and, as grounds therefore, state as follows:

      1.     In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. Defendant asserts that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

      2.     "Confidential Information" means any document, file, portions of files, transcribed testimony, medical records, or response to a discovery request, including any extract,

abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing information of any type, produced by Plaintiff and Defendant whether voluntary or through formal discovery, which consists of any confidential financial information or information which is proprietary or confidential in nature, and/or information pertaining to any individual or entity not a party to the within action, where such an expectation of privacy exists.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. Such designation shall be made only upon the designating Party's good faith belief that the material constitutes proprietary information, confidential personnel information or confidential information of third parties, confidential medical information, confidential financial information or trade secrets;

    b. By imprinting the word "Confidential" on the first page or cover of any document produced;

    c. By imprinting the word "Confidential" next to or above any response to a discovery response; and

    d. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions "Confidential" no later than fifteen (15) calendar days after receipt of the transcribed testimony.

-3-

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. Confidential Information may be disclosed only to "Qualified Persons," as that term is defined in Paragraph (c) below. All Qualified Persons receiving Confidential Information shall be bound by the terms of this Stipulated Protective Order.

    c. Confidential Information may be disclosed to or made available by counsel of record for the party receiving such information only to Qualified Persons. For the purpose of this Agreement, the term "Qualified Persons" means:

        (i) This Court (and any appellate court), including court personnel, jurors and alternate jurors;

        (ii) court reporters;

        (iii) inside and outside counsel to the named parties to the Litigation, associate attorneys, paralegal, clerical, secretarial, and other staff employed by such counsel, or copy service personnel responsible for copying documents or materials in connection with the Litigation, who such counsel shall determine have a need for access to such information.

    (iv)    the parties or the officers, employees, or principals of a party, who are actually assisting counsel in the consideration or prosecution of the claims, or the defense thereof, asserted in the Litigation.

    (v)    persons identified in a document designated as "Confidential" as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in the Litigation;

    (vi)    anticipated and actual deponents and anticipated and actual trial fact witnesses other than the named parties to the Litigation; and

    (vii)    independent outside experts, advisors or consultants (other than employees, officers, or directors of any party) retained by counsel of record in the Litigation.

Prior to any disclosure of Confidential Information to any Qualified Person defined in paragraphs c(iv), c(vi) and c(vii), counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Stipulated Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Stipulated Protective Order and consent to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order. The requirements of obtaining such written agreement may be satisfied by obtaining the signature of any such person on a copy of Exhibit A to this Stipulated Protective Order, after having had such person read this Stipulated Protective Order and having explained the contents to such person.

5. Qualified Persons authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or by agreement of the Parties.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to Qualified Persons to whom such Confidential Information is disclosed and shall obtain and retain the original statements signed by Qualified Persons of Confidential Information, and shall maintain a list of all Qualified Persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need, in order to establish the source of an unauthorized disclosure of Confidential Information, and that opposing counsel are unable otherwise to identify the source of the disclosure.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel or Qualified Persons shall retain custody of Confidential Information, and copies made therefrom, pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall inform the other Party's counsel in writing of the specific grounds of objection to the designation. The written notice shall identify the

information to which the objection is made.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  If a motion is filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

      11. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed under seal.

      a. Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall also be filed under seal.

      b. Any Party shall have the right to apply to the Court, upon reasonable notice to the other Party, for an order permitting further disclosure or declassification of any document upon a showing that such an order is

necessary for adequate preparation of the Party's case or to otherwise protect the Party's interest.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. By entering into this Stipulation, the Parties do not agree that any documents designated "Confidential" may be used as trial exhibits with such designation. The Parties reserve this issue for resolution by the Court at a later date.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately destroy or return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, or copies made therefrom.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Fed.R.Civ.P. 26, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 27th day of February, 2012.

BY THE COURT:

_____
United States Magistrate Judge

-8-

STIPULATED AND AGREED TO:

| | |
|---|---|
| *s/Zachary C. Warzel* | *s/Emily Hobbs-Wright* |
| Bradley A. Levin | Emily Hobbs-Wright |
| Zachary C. Warzel | HOLLAND & HART LLP |
| ROBERTS LEVIN ROSENBERG PC | 555 17th St., Suite 3200 |
| 1660 Wynkoop, Suite 800 | Denver, CO 80202 |
| Denver, CO 80202 | Phone: 303-295-8584 |
| Telephone: (303) 575-9390 | Fax: 303-672-6505 |
| bal@robertslevin.com | ehobbswright@hollandhart.com |
| zcw@robertslevin.com | |
| | Michael S. Beaver |
| **ATTORNEYS FOR PLAINTIFF** | HOLLAND & HART LLP |
| | 6380 S. Fiddler's Green Circle, Suite 500 |
| | Greenwood Village, CO 80111 |
| | Phone: 303-290-1631 |
| | Fax: 303-290-1606 |
| | mbeaver@hollandhart.com |
| | |
| | **ATTORNEYS FOR STANDARD INSURANCE COMPANY** |

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  11-cv-01906-WYD-KMT

NORRIE ROTHENBERG,

    Plaintiff,

v.

STANDARD INSURANCE COMPANY,

    Defendant.

## **CONFIDENTIALITY AGREEMENT**

    The undersigned, having read and understood the Stipulation and Protective Order entered into by the Parties in the above-entitled action on the ___ day of _____, 2012, governing the restricted use of confidential documents and the contents thereof and other confidential information and materials obtained from the Parties, hereby agrees to be bound by the terms of the Protective Order.

    Dated this ____ day of _____, 2012.

                                        _____

                                        Name (Typed or Printed)

                                        _____

                                        Signature