IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01906–WYD–KMT

NORRIE ROTHENBERG,

    Plaintiff,

v.

STANDARD INSURANCE COMPANY, an Oregon corporation,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Motion to Reconsider June 4, 2012 Order Granting Defendant's Motion to Extend Rebuttal Expert Disclosure Deadline or, Alternatively, Plaintiff's Request for Extension of Time to Disclose her Own Rebuttal Experts." (Doc. No. 51, filed June 4, 2012 [Mot.].) As directed by the court, Defendant filed a Response to Plaintiff's Motion on June 8, 2012. (Doc. No. 55 [Resp.].) Plaintiff filed a Reply that same day. (Doc. No. 56, filed June 8, 2012 [Reply].)

Plaintiff requests that the court reconsider its June 4, 2012 Minute Order (Doc. No. 50 [June 4, 2012 Minute Order]) granting "Defendant's Opposed Motion to Extended Rebuttal Expert Disclosure Deadline" (Doc. No. 48) and extending the Rebuttal Expert Disclosure Deadline to June 6, 2012. Although Plaintiff makes a perfunctory argument that Defendant has failed to adequately justify its need for additional time, Plaintiff's primary objection to the June 4,

2012 Minute Order is that Defendant should not be permitted to designate a rebuttal expert *whatsoever*. More specifically, while acknowledging that the Scheduling Order entered in this case "suggests that both parties be permitted to disclose 'rebuttal' experts, Plaintiff submits that it make little sense to do so under the circumstances, where the parties have adhered to a staggered expert witness disclosure timeline – with Plaintiff disclosing experts first, and then Defendant disclosing responsive experts some six weeks later." (Mot. ¶ 3.) Plaintiff asserts that the "wording of the rebuttal disclosure section of the Scheduling Order thus appears to have been in error" and that allowing Defendant to disclose rebuttal experts when it already had an opportunity to respond to Plaintiff's prior expert disclosures would be "eminently unfair" insofar as it affords Defendant "two bites at the apple." (*Id.* ¶¶ 5-6.)

"A district court has discretion to revise interlocutory orders prior to entry of final judgment." *Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.,* 212 Fed. App'x 760, 765 (10th Cir. 2007) (citing *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir.2005)); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12 ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.") However, for the following reasons, the court declines to reconsider its June 4, 2012 Minute Order granting an extension of the Rebuttal Expert Disclosure Deadline.

To the extent that Plaintiff challenges the court's decision to *extend* the Rebuttal Expert Disclosures Deadlines, the court declines to reconsider its June 4, 2012 Minute Order. Despite Plaintiff's purported opposition thereto, the court granted this extension without a response because Defendant sought a mere five-day extension of time that had no impact on any other

outstanding deadlines.  The court rejects Plaintiff's meager argument that Defendant's counsel's early labor, among other circumstances, was not an adequate justification for a brief five-day extension of time for Defendant to disclose its rebuttal expert.

The court also rejects Plaintiff's argument that Defendant should not be permitted to disclose rebuttal experts whatsoever.  Plaintiff concedes that rebuttal expert disclosures are permitted under Fed. R. Civ. P. 26(a)(2)(D)(ii), but contends that, under the staggered expert disclosure schedule outlined in the Scheduling Order, Defendant "presumably should have already 'rebutted' anything Plaintiff already disclosed."  (Mot. ¶ 4.)

However, as Defendant notes, Plaintiff's counsel contributed to, reviewed, and approved this staggered schedule outlined in the Scheduling Order—including the deadline for the *parties* to designate rebuttal experts.  (*See* Doc. No. 13, filed Oct. 11, 2011.)  Plaintiff's counsel further acknowledged this schedule by seeking an extension of time for the parties' expert disclosures—including, again, the deadline to disclose rebuttal experts.  (*See* Doc. No. 14, filed Dec. 1, 2011.)  Although Plaintiff asserts that this schedule afforded Defendant a windfall—insofar as the staggered schedule may have permitted Defendant to make affirmative expert disclosures "responsive"[1] to Plaintiff's prior expert disclosures, as well as Rule 26(a)(2)(D)(ii) rebuttal expert disclosures—Plaintiff's affirmative approval of this schedule undercuts her claims that the Scheduling Order's language was faulty and that she will be prejudiced if it is followed.  More to the point, Plaintiff has not pointed to, nor can the court

---

[1] However, it appears that Defendant's affirmative expert disclosures did not actually respond to Plaintiff's expert disclosures in any way.  (*See* Reply ¶ 3 n.1.)

3

otherwise locate, any authority suggesting that implementing a staggered affirmative expert disclosure schedule precludes a defendant from making rebuttal expert disclosures under Rule 26(a)(2)(D)(ii).

Finally, the court considers Plaintiff's request for an additional three-week extension of time to disclose its rebuttal experts. It appears that Plaintiff has now served her own rebuttal expert disclosures within the extended deadline for doing so.[2] (Resp. Ex. 1; Reply ¶ 5 n.3.) Despite Plaintiff's protestations that Defendant will be afforded "the last word concerning issues on which Plaintiff bears the burden of proof," the court will not permit Plaintiff to disclose rebuttal expert disclosures responsive to Defendant's *rebuttal* expert disclosures. The court finds that Federal Rule 26(a)(2) permits affirmative expert disclosures and rebuttal expert disclosures; it does not permit parties to further rebut rebuttal expert disclosures. *See* Fed. R. Civ. P. 26(a)(2)(A).

Therefore, for the foregoing reasons, it is

ORDERED that "Plaintiff's Motion to Reconsider June 4, 2012 Order Granting

---

[2] Defendant maintains that Plaintiff submitted this rebuttal expert disclosure "five days after the agreed upon deadline and without seeking permission from either opposing counsel or the court." (Resp. ¶ 19.) However, Defendant fails to note that the court extended the Rebuttal Expert Disclosure Deadline, not merely the deadline for Defendant to disclose its rebuttal experts, based on the premise that "what's good for the goose is good for the gander."

Defendant's Motion to Extend Rebuttal Expert Disclosure Deadline or, Alternatively, Plaintiff's Request for Extension of Time to Disclose her Own Rebuttal Experts" (Doc. No. 51) is DENIED.

Dated this 12th day of June, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge